(13 Misc. Rep. 319.)

### KANTROWITZ v. LEVIN et al.

(City Court of New York, General Term. June 25, 1895.)

PARTNERSHIP—INDIVIDUAL OR FIRM LIABILITIES.

In an action on a note, the uncontradicted testimony of plaintiff that when the note was given he paid full value therefor, and that it was made out and signed with the name of defendant's firm by one of defendants, to whom plaintiff paid the money, is sufficient to sustain a finding that the note was a valid partnership obligation, in the absence of evidence that the money was advanced by plaintiff individually to the partner who signed the note.

Appeal from trial term.

Action by Jacob Kantrowitz against Isaac Levin and another. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before VAN WYCK and NEWBURGER, JJ.

A. H. Berrick, for appellants.

M. D. Stener, for respondent.

VAN WYCK, J. The proof is complete and uncontradicted that the defendants were copartners under the firm name of H. & I. Levin, and that defendant Hyman Levin signed said firm name to the two notes of $600 each, payable to order of plaintiff, and sued upon in this action. If the proof showed that these notes were, without Isaac's knowledge or consent, given by Hymen to pay or secure his individual indebtedness to the plaintiff, payee, then appellant would be right in his contention that such payee cannot recover thereon as against such copartnership firm (Bank v. Underhill, 102 N. Y. 336, 7 N. E. 293), but such is not the proof, for plaintiff's uncontradicted and corroborated testimony is that, "when these notes were given to me, I gave $600 for the first one and $600 for the second," and that they were made out and signed with the firm name of H. & I. Levin, by Hyman, to whom plaintiff handed the sum of $600, when each was delivered to him by Hyman. There

is no evidence whatever that Hyman was at that time indebted to plaintiff in any sum, nor even that these two sums were loans to him individually, and the legal presumption is that the original contract was between the copartnership firm, who signed the notes, and the plaintiff, payee, who paid the full face thereof, in cash, to the member of the firm negotiating their discount. The authority of one member of a firm to make and deliver the firm's notes, negotiate the discount thereof, and receive the cash therefor, cannot be questioned by the other members of such firm. The judgment and order are affirmed, with costs.